Scott, Chief Judge.
The plaintiff in error brought his action in the Court of Common Pleas of Guernsey county, to recover certain sums of money which he claimed to be due him from the estate of defendants’ intestate, on divers partnership transactions between himself and said intestate, some of which were wholly unsettled at the time of the death of the latter.
The defendants answered, controverting the plaintiff’s claim, and the case was referred to a master, who made a report finding a large balance due to the plaintiff’, and accompanied his report with the evidence on which his findings were based. To this report numerous exceptions were filed by defendants. ■
After trial and judgment in the Common Pleas, the cause was taken by appeal to the District Court, where it was heard upon the same report of the master, the excep *419 tions thereto, the testimony taken before the master, and other depositions taken in the case, together with books of account, vouchers, and exhibits produced by the respective parties, all of which are embodied in a bill of exceptions.
The master in his report refused to allow certain chargess of large sums of money against the plaintiff' found in the account books of the intestate, and defendants, among other things, excepted to. the action of the master in refusing to allow the sums so charged as credits or offsets in favor of the estate. The main portions of such exceptions were (numbered 2, 11, and 30. The District Court, upon the trial of the case, found that if the credits to said estate rejected by the master, and specified in said exceptions 2,11 and 30 of defendants, should be allowed to said estate, the balance due to plaintiff' from the estate at the time of the trial would be $1,068.44, and that, independent of the evidence touching these credits, upon consideration of all the other evidence in the case and the said report, the amount due the plaintiff from the estate of Lawrence could not, and did not, exceed the said sum of $1,068.44, and thereupon sustained said exceptions 2, 11, and 30, and gave credit to the Lawrence estate for the amount involved in those ex- . ceptions, and rendered judgment in favor of the plaintiff' for the said sum of $1,068.44 only. This finding and judgment largely reduced the sum found due to the plaintiff' by the master’s report.
The plaintiff claims that in the light of the evidence bearing upon the questions raised by said exceptions 2, 11, and 30, the District Court erred in sustaining them, and asks that its judgment shall for that reason be reversed.
The District Court did not in terms pass upon more than three of the exceptions taken by the defendant to the master’s report; but as these only were sustained, the remainder were virtually overruled. We do not think it necessary .closely to scrutinize the evidence bearing specially upon the three exceptions which it is claimed were improperly sustained. It may be that a rigid scrutiny of all the evi *420 dence would show that some of the items allowed by the court below were not properly applicable in reduction of the plaintiff’s claim. Still, it is not every error occurring upon a trial which will justify a reversal of the judgment in the case. To justify such reversal, the error must be prejudicial to the substantial rights of the plaintiff’ in error. The complaint here is that the court below erred in its finding. as to a part of the facts put in issue by the pleadings. Suppose this is so, yet if the plaintiff recovered judgment for the full amount due him from the defendants, he is not legally prejudiced by the partial error complained of. The whole case came into the District Court by appeal, and was there heard, not merely on the report of the master and the exceptions thereto, but upon voluminous testimony, exhibits, and vouchers; and that court found, without reference to the evidence offered in support of the exceptions which were sustained, upon consideration of all the other evidence in the case, that the estate represented by the defendants could not be, and was not, in fact, indebted to the plaintiff’ in a sum larger than that for which judgment was rendered. If the evidence warranted this finding, then the plaintiff is not substantially prejudiced by the method adopted by the court to reduce the amount reported by the master to its proper dimensions. If a correct conclusion was attained, the premises on which it was based by the court are quite unimportant. The evidence on which the District Court acted is all brought before us by bill of exceptions, and the substantial question is, does it warrant the finding and judgment of the court.
It is too voluminous to discuss in detail, but we have examined it with due care. An important part of it consists of statements and admissions made by the plaintiff himself during the life of the intestate, and since his decease, in regard to the state of their partnership accounts. These admissions and statements are corroborated by evidence showing the amount of profits made in the partnership business, the pecuniary circumstances of the pai’tners, and other significant facts incon *421 sistent with the justice of the large claim now made by the plaintiff and allowed by the master against the estate of Lawrence. Suffice it to say, that we are all satisfied that the evidence fully justified the court below in finding that the maximum sum due from defendants to the plaintiff' could not exceed the sum for which j udgment was rendered, and its judgment is therefore affirmed.
Day, Wright, Johnson, and Ashburn, JJ., concurred.